EUGENE McHALE, Plaintiff, *v.* MARY McHALE, Defendant.*

Supreme Court, Special Term, Albany County, February 8, 1947.

*Eugene G. Hess* and *Daniel H. Prior* for plaintiff.

No appearance for defendant.

BOOKSTEIN, J. Plaintiff, prior to his marriage to defendant on October 19, 1929, was an adherent of the Catholic faith. The marriage ceremony was performed by a clergyman of another religious faith.

He now sues defendant wife for an annulment of the marriage, on the ground of fraudulent misrepresentations made by the defendant, which induced plaintiff to marry her.

The alleged fraud is that, prior to the marriage, defendant wife agreed that after their marriage, she would marry plaintiff again in the Catholic Church, which she subsequently refused to do and that, for that reason, they separated in 1930.

The action is undefended.

Assuming the truth of plaintiff's version as to the agreement of the parties, I am nevertheless constrained to deny the application for an annulment.

Plaintiff by his voluntary act excommunicated himself from the Catholic Church. If defendant had kept her alleged promise, plaintiff's voluntary excommunication would not be affected thereby nor would the redemption of the alleged promise restore his church status. Accordingly, I can not see how he was in any manner defrauded, by defendant's alleged promise. The

* See, also, *Hubner* v. *Hubner,* 188 Misc. 125, and *Borgstedt* v. *Borgstedt,* 188 Misc. 183.— [REP.

loss of his church status was not the result of the alleged promise but rather it was the result of the marriage itself.

Since, therefore, he was defrauded of nothing by the alleged false promise, he can not now be heard to complain.

Application for a judgment of annulment is denied and the complaint is dismissed upon the merits.

Submit decision and judgment accordingly.